UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:  Joseph Stanley Varan,         )
                                      )   11-44072     (Chapter 7)
                                      )
Debtor.                               )   Hon. Donald Cassling

**DEBTOR'S SURREPLY IN OPPOSITION TO THE BANK OF NEW YORK MELLON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

1.  <u>The Bank's claim to be in possession of the original note is a new argument made for the first time in a reply brief.</u> During the pendency of this motion, Bank of New York switched law firms; the reply was filed by different counsel than the ones who filed the original motion. The Bank had every right to do that, but its new counsel is still bound by the manner in which its old counsel framed things.

It is new, improper argument for the Bank to claim for the first time in its reply brief that it is in physical possession of the supposed note. See, e.g., *Hess v. Reg-Ellen Machine Tool Corp.*, 423 F.3d 653, 665 (7th Cir. 2005) (argument that appears for the first time in a reply brief, even if "interesting" and having "some support in our case law," is not considered because it has been waived).

2.  <u>The type of mortgage note at issue here is not negotiable within the meaning of Article 3 of the UCC.</u> Had the Bank argued possession in its motion, explaining why the claim was immaterial would have been the focus of the response. The Bank's reply blithely assumes, without argument or explanation, that Countrywide's note is negotiable within the meaning of Article 3 of the UCC. But the note twice contains the sentence "When I make a Prepayment, I will tell the Note Holder in writing that I am doing so." Note, page 3, paragraph 5 and Prepayment Penalty Addendum. This is, of course, an "undertaking...to do a[n] act in addition

1

to the payment of money," namely, giving written notice, which renders the note non-negotiable. 810 ILCS 5/3-104(a)(3); *see also* Ronald J. Mann, *Searching for Negotiability in Payment and Credit Systems*, 44 U.C.L.A. Law Review 951, 971-73 (1997). So the Bank's claim to be in possession of the Countrywide note is irrelevant.

3. <u>No explanation is provided as to when or how the Bank supposedly acquired possession</u>. The Bank's reply brief asserts that the "original Note has been transferred to the custody of Movant's attorneys so that it may be presented in court." This is not substantiated or explained. Transferred by whom? When? Who had possession of the note when the motion to lift stay motion was filed in the first place? Illinois requires a plaintiff to prove possession as of the outset of the case, not at the time of a later evidentiary hearing. *Locks v. North Towne National Bank of Rockford*, 451 N.E. 2d 19, 22 (Ill. App. 1983) (Lindberg, J.)

4. <u>The Debtor is not seeking any relief by responding to the present motion</u>. In an irony only a lawyer could fully relish, the Bank devotes over a page of its reply to string-citing cases supposedly holding that a borrower or debtor does not have standing to complain about violations of its Pooling and Servicing Agreement. This makes no sense.

The debtor is not seeking relief. So cases granting Fed. R. Civ. P. 12(b)(6) motions or motions to strike affirmative defenses are irrelevant. The debtor cited the Bank's Pooling and Servicing Agreement to demonstrate that *the Bank* cannot successfully prosecute a lift-stay motion because it cannot plausibly claim to be a creditor. Notably, the Bank ignores the New York and federal law that was cited for the same purpose. And for all practical purposes the Bank concedes that its Assignment is worthless. It is *the Bank* that is seeking relief (from the automatic stay) and that has failed to demonstrate that it has standing (as a creditor) to do so; the

Bank cannot escape the consequences of that failure by invoking inapposite cases where a debtor or anyone else was seeking affirmative relief.

WHEREFORE, for the foregoing reasons, as well as those offered in the original response, the Debtor respectfully requests that the Bank's motion for relief from the automatic stay be denied.

/s/ Adam Goodman
Adam Goodman (6229333)
Jessica Tovrov
GOODMAN TOVROV
HARDY & JOHNSON LLC
105 West Madison Street, Suite 1500
Chicago IL 60602
(312) 238-9592
(312) 264-2535 (fax)
adam@thegoodmanlawoffices.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on April 11, 2013 a copy of the attached pleading was served via the Clerk of Court's ECF system upon all persons who have filed appearances in this bankruptcy.

/s/ Adam Goodman
Adam Goodman