**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **JOSEPH STANLEY VARAN** | ) | **11-44072** |
| | ) | |
| **Debtor** | ) | **Judge Donald Cassling** |
| | ) | **Chapter 7** |

**MOTION TO ANNUL STAY**
**AND COMPEL TRUSTEE TO ABANDON**

COMES MICHAEL WATERLAND ("Waterland"), by his attorney, Harold L. Moskowitz, and files this motion pursuant to 11 U.S.C. §105 and §362(d) to annul the stay and permit it to continue record its deed obtained at the Sheriff's Sale of that foreclosure on that parcel of real estate otherwise commonly known as 8215 S. Maryland, Chicago, Illinois (the "Property") and compel the Trustee to abandon the Property . In support hereof, Waterland states as follows:

1. In 2007, US Bank ("USB") filed that foreclosure action against Darlene Keys and other unknown owners in the Circuit Court of Cook County, Illinois in the case entitled *US Bank v Keys*, *et al*, Case No. 07 CH 29172 (the "Foreclosure") to foreclose that first mortgage interest held by USB on the Property.

4. On March 4, 2008, a Judgment of Foreclosure and Sale was entered and a Sheriff's sale was ordered.

5. On June 5, 2008, a Sheriff's Sale of the Property was held. While the Debtor, Joseph Varan, was the person at the sale and was the successful bidder, he was bidding on Waterland's behalf as Waterland was the one who paid the entire $123,0001 winning bid. Waterland obtained said funds by borrowing them from a private lender, 2004 Tax and Scavenger Sale, LLC ("TSS"), to whom he

gave a security interest in the Property. To insure there would be no confusion, Varan assigned any

and all of his interest in the Certificate of Sale to Waterland's lender TSS which held title to the

property solely for collateral purposes.  A copy of said assignment is attached hereto as Exhibit 1.

6.      On June 10, 2008, the remaining $123,001 balance on the bid was paid.

7.      On July 23, 2008, the Report of Sale was filed and approved.

8.      On August 13, 2008, Intercounty Judicial Sales issued a Judicial Sale Deed in Varan's

name. However, said Deed was never filed in the Office of the Cook County Recorder of Deeds.

9.      Since March, 2010, it has been Waterland, not Varan, who as owner of the Property

has rehabbed the Property, having spent more than $68,000 in rehab costs and expenses.  Copy of

said expenses is attached hereto as Exhibit 2.

10.      On October 30, 2011, Varan filed a petition for relief under Chapter 7 in the case

entitled *In re Joseph Stanley Varan*, Case No. 11-44072 (the "Bankruptcy").  Varan did not list the

Property in his Schedules of Financial Affairs.  Varan listed Waterland as a partner regarding a

separate piece of property.  TTS is also not listed as a creditor.

11.      In January, 2012, TSS asked Varan if he had a copy of the Deed as it could not locate

the Deed. When none was found, TSS asked Varan to get a replacement Judicial Deed which was

then obtained on January 13, 2012.  Once again it was issued in Varan's name as the named high

bidder.  A copy of said deed is attached hereto as Exhibit 3.

12.      After filing of the bankruptcy, numerous complaints objecting to discharge were filed

by various creditors and even the U.S. Trustee.  On November 8, 2013, the Debtor executed a

voluntary waiver of discharge.  The Debtor has filed a motion to vacate said waiver which motion

is still pending.

2

13.     However, prior to that waiver, Varan filed an Amended Schedule A in which he listed the Property, but claimed no beneficial interest therein.  Dkt. No. 189.

14.     Since 2009, TTS is listed on the records of the Cook County Treasurer as the owner. TTS has paid the 2012 and 2013 real estate taxes.

15.     However, in January, 2014, the County of Cook sold the delinquent taxes on the Property, the redemption date of which is July, 2016.  See Take Notice attached hereto as Exhibit 4.  Waterland is justifiably reticent to pay said $27,683 in delinquent real estate taxes as long as this fraudulent cloud on title remains.  And, if said axes are not redeemed the Property will be lost to Waterland and to any claim of the Estate.

16.     Neither Varan nor the Debtor's Estate has the funds to pay any such delinquent real estate taxes.

17.     Although the automatic stay provision provides "for a nearly comprehensive stay of proceedings against the debtor," *Int'l Bus. Machs. v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.),* 938 F.2d 731, 735 (7th Cir.1991), it also requires a court to "grant relief from the stay ..., such as by terminating, annulling, modifying, or conditioning such stay—... for cause...." 11 U.S.C. § 362(d)(1). " 'Cause' as used in § 362(d) has no clear definition and is determined on a case-by-case basis." *Fernstrom Storage & Van Co.,* 938 F.2d at 735.

17.     In *In re Wapotish*, 07 B 71218, 2009 WL 1916965 (Bankr. N.D. Ill. July 2, 2009), the Bankruptcy Court laid out the numerous factors bankruptcy courts have used to determine whether "cause" exists in order to retroactively annul an automatic stay, including:

a.      whether creditor had actual or constructive knowledge of bankruptcy filing and, therefore, of automatic stay;

b.      whether debtor acted in bad faith;

c.      whether there is equity in the property of the estate;

d.      whether property is necessary for an effective reorganization;

e.      whether grounds for relief from stay existed, such that a motion for stay relief, if filed, would likely have been granted prior to the automatic stay violation;

f.      whether failure to grant retroactive relief will cause unnecessary expense to creditor;

g.      whether creditor has detrimentally changed its position on the basis of the action taken;

h.      whether creditor took some affirmative action post-petition to bring about violation of stay;

i.      whether creditor promptly seeks retroactive lifting of stay and approval of action taken;

j.      whether issues in case involve only state law, so that expertise of bankruptcy court is unnecessary;

k.      whether modifying stay will promote judicial economy and whether there will be greater interference with bankruptcy case if stay is not lifted because matters will have to be litigated in bankruptcy court;

l.      whether estate can be protected properly by a requirement that creditors seek enforcement of any judgment through bankruptcy court;

m.      number of bankruptcy filings by debtor;

n.      extent of any prejudice, including to bona fide purchaser;

o.      debtor's compliance with the Bankruptcy Code;

p.      how quickly creditor moved for annulment; and

q.      how quickly debtor moved to set sale aside.

See *Wiencko v. Ehrlich* (*In re Wiencko*), 99 F. App'x 466, 469 (4th Cir.2004) (factors 10–12);

*Robbins v. Robbins (In re Robbins),* 964 F.2d 342, 345 (4th Cir.1992) (factors 10–12); *Holtkamp*

*v. Littlefield (In re Holtkamp),* 669 F.2d 505, 508–509 (7th Cir.1982) (factors 10–12); *Williams v. Levi (In re Williams),* 323 B.R. 691, 700 (B.A.P. 9th Cir.2005) (factors 1–2, 13–17), *aff'd,* 204 Fed. Appx. 582 (9th Cir.2006); *In re Bennett,* 361 B.R. 463, 465 (Bankr.E.D.N.C.2007) (factors 10–12); *In re Campbell,* 356 B.R. 722, 725 (Bankr.W.D.Mo.2006) (factors 1–9); *In re Anderson,* 341 B.R. 365, 369–70 (Bankr.D.Dist.Col.2006) (factors 1–7); *In re Barr,* 318 B.R. 592, 598 (Bankr.M.D.Fla.2004) (factors 1–2, 5–7); *Shaw v. Ehrlich,* 294 B.R. 260, 272 (W.D.Va.2003) (factors 10–12), *aff'd,* 99 Fed.Appx. 466 (4th Cir.2004); *In re Stockwell,* 262 B.R, 275, 281 (Bankr.D.Vt.2001) (factors 1–7); *First Am. Title Ins. Co. v. Lett (In re Lett),* 238 B.R. 167, 195 (Bankr.W.D.Mo.1999) (factors 1–9); *In re Adams,* 215 B.R. 194, 196 (Bankr.W.D.Mo.1997) (factors 1, 3–6). This list is not exhaustive and, in any case, one factor may outweigh the others as to be dispositive. *Williams,* 323 B.R. at 700.

18.     In deciding whether to annul an automatic stay in order to validate a state court foreclosure proceeding, bankruptcy courts in this District mainly look to "whether the creditor who violated the stay did so willfully and whether the movant would be unfairly prejudiced by the enforcement of the stay." *In re Will,* 303 B.R. at 368; *In re Brittwood Creek, LLC*, 450 B.R. 769, 775 (N.D. Ill. 2011).

19.     In the instant case, Waterland has been under the assumption that he is the owner of the Property.  He has paid all of the expenses of said Property and has put in substantial work in order to rehab the Property.  However, because of a succession of errors, the deed in its favor has not yet been filed with the Cook County Recorder of Deeds.

20.     The other factors favor Waterland as well: it is clear that all actions after the case was filed were not in bad faith and that there was no intent to benefit any creditors; there is no equity in

5

the Property of the estate; as the Property is not owned by it, the Property is not necessary for an effective reorganization because there was no equity nor was it necessary for an effective reorganization, grounds for relief from stay existed, and if such that a motion for stay relief, were filed, would likely have been granted prior to the automatic stay violation; and failure to grant retroactive relief will cause unnecessary losses to Waterland by having to re-advertize the Property; and injury to Waterland – as he was the highest bidder.

21.    By annulling the stay, Waterland can properly file the appropriate deed and get clear title to its property.

22.    In the alternative, the Trustee should abandon all claim to the Property and permit Waterland to record its deed.

WHEREFORE, MICHAEL WATERLAND prays that this Court annul the automatic stay, *nunc pro tunc*, to the date of filing; or, in the alternative, the Trustee should abandon all claim to the Property and permit Waterland to record its deed; and grant it such other and further relief as this Court deems proper.

Respectfully submitted,

MICHAEL WATERLAND

By:    /s/ Harold Moskowitz
        One of His Attorneys

HAROLD L. MOSKOWITZ
55 West Monroe Street
Suite 3950
Chicago, Illinois 60603
(312) 977-0223
ARDC: 3128347

6